RODEFER v. MYERS.

1. Pleading: ANSWER: DENIAL. The allegations of an answer in an action on account considered and held not to put in issue the correctness of the account set out in the petition except as to certain specific items.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, JUNE 10.

THE plaintiff is a wholesale dealer, and the defendant is a retail dealer, in coal, lime, cement, etc., at Council Bluffs. On the 19th day of August, 1879, they entered into a contract as follows: " This agreement, made between J. W. Rodefer and J. E. Myers, witnesseth: That for the consideration hereinafter found, the said J. W. Rodefer agrees to furnish and deliver, if so required, any and all goods, wares and merchandise in which he deals to the said J. E. Myers, or on his order, at the net cost of the same to him, the said Rodefer, in Council Bluffs, Iowa, and in such quantities and at such times as the said Myers shall require, the same to be charged to him at such net price; and the said Myers hereby agrees in consideration thereof to pay to said Rodefer on or before the 10th day of the month next following the date of all purchases made or orders given and filled as aforesaid (except such goods, wares and merchandise as may be on hand in yard of said Myers, which shall be paid for at the expiration of this contract) the said net cost price of said articles so purchased and received on orders in cash, together

.with five per cent on the gross sales of said goods as sold and ordered sold by the said Myers. The said net price and .cost by him paid is to be fixed and agreed upon from time to time between the parties hereto from showings of net cost by the said Rodefer. And in consideration of the foregoing the said Myers agrees and binds himself to use his best efforts to work up and continue as large and the best trade possible in the articles so dealt in by the said Rodefer, and handle no goods of the same kind, provided that the said Rodefer will furnish said goods at as low a price as can be bought of other responsible parties. This agreement to take effect September 1, 1879. This agreement to be in force till August 1, 1880."

On the 12th day of January, 1880, the plaintiff filed his petition alleging that under the terms of this contract the plaintiff sold and delivered to the defendant the goods, wares, and merchandise mentioned in a bill of particulars, and that the defendant is indebted to plaintiff on said account in the sum of $1,119.22. Attached to the petition as an exhibit is an itemized statement of account, with credits, showing a balance due of $1,190.23. The defendant filed an answer as follows:

" He denies that plaintiff has performed the conditions of the contract set out as " Exhibit A " to said petition; denies that he has furnished and delivered as required by defendant, goods, wares and merchandise in which plaintiff deals to the defendant, or on his order, at net cost of the same to plaintiff in Council Bluffs, Iowa; denies that the prices charged in "Exhibit B" attached to the petition are the net cost prices provided in said contract; denies that the articles set out in said "Exhibit B" were furnished defendant by plaintiff under the terms of said contract; denies that the defendant is indebted to the plaintiff in the sum of $1190 and 23 cents; denies that the defendant has refused to pay the plaintiff any sum due him, and denies that the account attached to the petition as "Exhibit B" is correct; especially denies that he

ever received the following articles set out in Exhibit B"
from plaintiff, either under the contract sued on or in any other
manner, to-wit:

| Sept. 1. | 1000 pounds soft coal | - | - | $1.75 |
| " 6. | 779 " " " | - | - | - 1.15. |
| " 11. | 1000 " " " | - | - | 1.50 |
| " 17. | 3000 " stone " | - | - | - 10.98 |
| " 24. | 2000 " soft " | - | - | 3.00 |
| Nov. 10. | Amt. charged for L. W. Babbitt acct. | | | |

The plaintiff did not introduce his book of accounts. He
testified that he sold to the defendant goods amounting to
something near $1,500; that defendant had paid thereon
something near $300, and that there was still due eleven
hundred and ninety some dollars. He further testified that
the goods were sold at the price stipulated in the contract—
the net cost price at Council Bluffs. Upon cross-examination
the witness was able to specify from memory the sale and de-
livery of only two items, amounting to $3.25, and as to all
the other items, he stated that he could not remember what
he delivered, except as he got it from the books. The court
instructed the jury that the itemized statement of account
attached to the plaintiff's petition is not competent as evi-
dence to show that any of the goods charged therein were
delivered to the defendant under the contract. The jury re-
turned a verdict for plaintiff for $3.47. The plaintiff filed a
motion for a new trial, which the court sustained.

The defendant appeals.

*Sapp, Lyman & Ament*, for appellant.

*Rising, Wright & Baldwin*, for appellee.

DAY, J.—I. From a careful examination of the answer
it appears that it does not contain a positive and distinct de-

1. PLEADING: nial that any of the items of the account were
answer:
denial.       furnished, except as to the six items specified in

the answer. The answer denies that plaintiff furnished goods, wares and merchandise in which plaintiff deals, at the net cost of the same to plaintiff in Council Bluffs; denies that the prices charged are the net cost prices; denies that the articles set out in the exhibit were furnished under the terms of the contract; denies that the account attached to the petition is correct; denies specifically that he ever received six items of the account, and denies that he is indebted to the plaintiff in the sum of $1,190.23, but does not deny that he is indebted in some sum. If it should appear that the six items of the account specified were not received, and that the balance of the items of the account, or some of them, were not sold at their net cost to plaintiff at Council Bluffs, this would show that the goods were not furnished under the terms of the contract, nor at their net cost, and that the account is not correct, and the defendant does not owe the plaintiff $1,190.23. In other words, if plaintiff should fail to prove that the goods were sold at their net cost, and that the specified items were received, there would be a failure to establish every fact which the answer denies. We cannot, therefore, fairly regard the answer as putting in issue more than these two facts. The plaintiff testifies that the goods were sold at the net price to him in Council Bluffs. Under the issues, the plaintiff should have had a verdict for all the items of account except those specifically denied. The court did not err in setting aside the verdict.

II. The defendant assigns as error and discusses certain rulings upon evidence made during the trial. As the verdict was practically in favor of defendant, these rulings worked him no prejudice. The only question properly before us is the ruling of the court upon the motion to set aside the verdict.

AFFIRMED.